**Kuei-I WU, et al., Plaintiffs,**

v.

**MAMSI LIFE & HEALTH INSURANCE COMPANY, et al., Defendants.**

**Civil Action No. RDB–07–1170.**

United States District Court, D. Maryland.

Oct. 15, 2008.

Order Denying Reconsideration Dec. 22, 2008.

**160**

Dennis F. O'Brien, Dennis F. O'Brien, P.A., Bel Air, MD, Philip Scott Friedman, Friedman Law Offices PLLC, Washington, DC, Philip Omer Foard, Foard Gisriel Obrien and Ward LLC, Towson, MD, for Plaintiffs.

Lawrence Paul Fletcher–Hill, Gordon Feinblatt Rothman Hoffberger and Hollander LLC, Baltimore, MD, Christine Marie Debevec, Jeffrey A. Lutsky, Nicholas Deenis, Stradley Ronon Stevens and Young LLP, Philadelphia, PA, for Defendants.

## MEMORANDUM OPINION

RICHARD D. BENNETT, District Judge.

Plaintiff Kuei–I Wu ("Wu") filed this class action lawsuit in the Circuit Court for Baltimore County against her healthcare provider, MAMSI Life and Health Insurance Co. ("MLH"), and MLH's parent companies, Mid–Atlantic Medical Services LLC, and Mid–Atlantic Medical Services, Inc. ("MAMSI") for breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), and civil conspiracy (Count III). Defendants removed this action on May 3, 2007. Wu seeks injunctive relief, monetary damages, and restitution. Wu alleges that, in the event that an insured is in an automobile accident, Defendants illegally direct providers to collect Personal Injury Protection ("PIP") from an automobile insurer as a precondition to submitting a claim for payment of medical services. This scheme, Wu contends, is in direct violation of section 19–507 of the Insurance Article of the Maryland Code, which provides that PIP benefits "shall be payable without regard to . . . any collateral source of medical, hospital, or wage con-

tinuation benefits." Md.Code. Ann., Ins. § 19–507(a)(2).

Before being removed to this Court, the Circuit Court for Baltimore County certified a class that is the subject of the pending motions. After litigating the class certification in state court for over thirty months, both parties now seek modifications to the state court's class certification order. Defendants filed a Motion for Clarification of Class Membership (Paper No. 80) and Plaintiffs filed a Cross Motion for Clarification of Class Definition (Paper No. 87). On August 20, 2008, this Court conducted a hearing on both pending motions pursuant to Local Rule 105.6 (D.Md.2008). For the reasons that follow, Defendants' Motion for Clarification of Class Membership is GRANTED IN PART and DENIED IN PART and Plaintiffs' Cross Motion for Clarification of Class Definition is DENIED.

It should be noted, however, that the parties' extensive briefs address several complicated issues that relate primarily to the merits of Plaintiffs' case, not necessarily the appropriate size of the class. Therefore, this Memorandum Opinion will deal exclusively with the issues relating to class size, reserving for a later time issues going to the merits of the case.

## BACKGROUND

Wu initiated this action on September 24, 2004, by filing a three-count class action complaint in the Circuit Court for Baltimore County against three separate MAMSI entities—MLH, MAMSI LLC, and MAMSI Inc. Wu's complaint states that the relationship between the Defendants is as follows: "[MLH] is an insurance company licensed to issue health insurance policies in the State of Maryland. [MLH] is the wholly-owned subsidiary of [MAMSI LLC]. Previously, [MLH] was a wholly-owned subsidiary of [MAMSI Inc.], which . . . recently merged with [MAMSI LLC]." (Compl.¶¶ 4–6.)

Almost three years prior to filing suit, on September 26, 2001, Wu was involved in an automobile accident while she was a full-time student at the University of Maryland. At the time of the accident, Wu carried at least two insurance policies—(1) a health insur-

ance plan issued by MLH; and (2) an automobile policy issued by GEICO. Wu's health insurance plan was not governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* because (1) the plan covered students, not employees and (2) she was covered under a state governmental plan. *See* 29 U.S.C. § 1003(a) ("[T]his title shall apply to any *employee* benefit plan ...." (emphasis added)); *id.* § 1003(b)(1) ("The provisions of this title shall not apply to any employee benefit plan if ... such plan is a governmental plan.").

Wu sought treatment with participating healthcare providers under the Preferred Provider Option ("PPO") plan to which Wu belonged. (Compl.¶ 21.) The participating providers had agreed with MAMSI to provide medical care to members. In exchange, they were paid at a negotiated rate, and further agreed not to balance, bill, or collect any other amount from members for whom they provided "Covered Services." (*Id.*) MAMSI's contract with Wu contained a Coordination of Benefits provision that explicitly excluded any no-fault automobile insurance payments, such as PIP, from being considered in the application of the Coordination of Benefits procedures. (*Id.* ¶ 18.) Wu alleges that, "in a separate document known as the Provider Manual for Physicians and Practitioners, MAMSI illegally directs all providers within its healthcare plans that when the patient has been involved in an automobile accident, the providers must collect PIP benefits from the patient's automobile insurer first, before submitting any claims to MAMSI for payment." (Pl.'s Cross Mot. 4; *see id.* Ex. A.) Thus, according to Wu's Complaint, MAMSI paid the participating healthcare providers for services rendered to Wu only after her PIP benefits were exhausted.

Wu's Complaint sought certification of a two separate classes of individuals: (1) a general class of all insureds who had coverage under both the "Defendants' healthcare insurance policies" and an automobile insurance policy with PIP coverage, regardless of whether any putative class member had been involved in an automobile accident; and (2) a subclass of the same insureds who were also involved in an automobile accident and "whose mandatory PIP coverage was entirely exhausted by the Defendants' preferred providers prior to the Defendants paying such preferred providers on any claims made by the Defendants' insured." (Compl.¶¶ 8–9.)

Approximately thirty months after Wu filed her Complaint, during which time Defendants "vigorously opposed certification of any class" (Defs.' Mem. Supp. Mot. Clarification 4), the Circuit Court for Baltimore County granted in part and denied in part Wu's class certification motion on April 5, 2007. The circuit court did not certify the larger general class, reasoning that there was no legally cognizable injury unless and until the individual had been involved in a motor vehicle accident and filed a related claim with MAMSI. The circuit court did, however, certify the smaller subclass consisting of "all owners of MAMSI healthcare plans since September 23, 2001 that also have automobile insurance policies, have had an automobile accident, and whose mandatory PIP coverage was partially or entirely exhausted prior to the use of any MAMSI healthcare benefits." (Defs.' Notice of Removal, Ex. C, at 13.) In the last sentence of the state court's opinion, it defined "MAMSI" to include the three named Defendants in this case: MLH, the indemnity health insurance company with which Wu was insured, and MAMSI LLC and MAMSI Inc., the parent companies. (*Id.*) It also included in that definition two additional subsidiary health maintenance companies ("HMOs") under the MAMSI corporate umbrella, but with which Wu did not have an insurance policy: M.D. Individual Practice Association, Inc. ("MDI-PA") and Optimum Choice, Inc. ("OCI"). (*Id.*)

The class certification order on April 5, 2007 brought into the case for the first time class members with employee health plans governed by ERISA. As mentioned previously, Wu's individual claim was not preempted by ERISA, but the state court class certification order included class members with claims that were preempted by ERISA. This Court previously explained as follows in its Memorandum Opinion filed on

October 29, 2007, which denied Plaintiffs' Motion to Remand:

> Before class certification, the claims of the named plaintiff alone are used to determine federal question jurisdiction. Despite its clear preemptive force, ERISA cannot create federal question jurisdiction by preempting the potential claims of putative class members.... In this case, it is undisputed that Wu's individual claim did not implicate ERISA and therefore lacked any basis for federal jurisdiction.... The thirty-day time period did not begin to run until April 5, 2007 when the Circuit Court for Baltimore County certified the class. At that point, federal jurisdiction existed for the first time because at least one individual claim in the certified class was preempted by ERISA.

(*See* Mem. Op. 5–7 (citations omitted) (Paper No. 68).) On May 3, 2007, Defendants timely filed a Notice of Removal, having done so within thirty days of the introduction of a federal question based on ERISA preemption. (*Id.*) After this Court denied the Plaintiffs' Motion to Remand by Order dated October 29, 2007 (Paper No. 69), Plaintiffs proceeded with discovery pursuant to this Court's Scheduling Order. The issues in the pending motions arose in connection with Plaintiffs' request for the production of "[a] list of all MAMSI insureds, for each of the following plans, [MLH], [OCI], and MDIPA for the time period of September 2001 through the present," which was objected to by Defendants. (Defs.' Mem. Supp. Mot. Clarification 5.) The Defendants contend that said request is overly broad and beyond the scope of this action.

After this Court granted the parties' request for leave to brief several legal issues affecting class membership, Defendants filed the pending Motion for Other Relief Clarification of Class Membership (Paper No. 80) on June 6, 2008. Plaintiffs filed a Cross Motion for Clarification of Class Definition (Paper No. 87) on June 27, 2008. On August 20, 2008, this Court conducted a hearing to allow the parties the opportunity to argue the issues raised in their motions.

## DISCUSSION

Although the parties have styled their cross motions as seeking only clarification of the class membership, both parties in substance seek at least a partial modification of class membership. Defendants' motion requests that the state court class certification order be amended to exclude the following groups: (1) class members with fully insured ERISA healthcare plans; (2) class members with healthcare plans issued by MDIPA and OCI, neither of which is a named Defendant; (3) class members covered by small group plans (50 or fewer employees); and (4) non-Maryland residents.[1] On the other hand, Plaintiffs' motion requests that this Court certify the larger, general class that included all individuals, regardless of whether the individual was involved in an auto accident, that were covered by one of the three MAMSI healthcare plans at issue (i.e. MLH, MDIPA and OCI) and an automobile insurance policy containing PIP coverage.

Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure provides simply that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed.R.Civ.P. 23(c)(1)(C). This Court has previously stated that "[a] district court has 'broad discretion in determining whether the action may be maintained as a class action,' ... and so long as the court considers the proper criteria, it is permitted to exercise such discretion." *Doe v. Lally,* 467 F.Supp. 1339 (D.Md.1979) (citations omitted). A federal district court possesses the same broad discretion in determining whether to modify or even decertify a class. *General Tel. Co. of the Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ("Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation."). In fact, a federal district court judge has an affirmative

---

1. Plaintiffs acknowledge that (1) federal government employees with health insurance contracts governed by the Federal Employee Health Benefit Act ("FEHBA"), 5 U.S.C. § 8910 et seq. and (2) members of self-funded ERISA plans are *not* included in the class. (*See* Pls.' Opp. 22–23.) These groups will be excluded from class membership in the accompanying Order.

obligation to ensure that the class membership remains at all times consistent with the underlying facts and procedural posture of the case.[2] *See Richardson v. Byrd,* 709 F.2d 1016, 1019 (5th Cir.1983) ("Under Rule 23 ... the district judge must define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts."); *Chisolm v. TranSouth Financial Corp.* 194 F.R.D. 538, 544 (E.D.Va.2000) ("[T]he Court is duty bound to monitor its class decision and, where certification proves improvident, to decertify, subclassify, alter, or otherwise amend its class certification.").

## I. Defendants' Motion for Clarification of Class Membership (Paper No. 80)

In their pending motion, Defendants seek to modify the class certification order issued by the state court to exclude individuals covered by: (1) fully insured ERISA healthcare plans; (2) healthcare plans issued by MDIPA and OCI; and (3) small group plans (50 or fewer employees). Defendants also seek to exclude insureds who otherwise fit the class definition but who are not residents of the State of Maryland. Each group will be addressed in turn.

### A. Class Members with Fully Insured ERISA Healthcare Plans

Defendants seek to narrow class membership to non-ERISA class members because

Wu does not have statutory standing to pursue claims on behalf of class members with claims that are preempted by ERISA.[3] Defendants argue that the state law causes of action asserted in the complaint—namely, breach of contract (Count I), breach of the duty of good faith and fair dealing (Count II), and civil conspiracy (Count III)—are entirely preempted by ERISA for a large swath of class members. *See Aetna Health Inc. v. Davila,* 542 U.S. 200, 209, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (holding that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

Wu, however, is not an ERISA plan member. Therefore, while the common law claims asserted by ERISA plan members are converted into ERISA claims, Wu's claim is not. As a consequence, Defendants argue that Wu cannot represent a class consisting of individuals with claims that are preempted because Wu lacks the requisite statutory standing under ERISA to bring such a claim herself. *See Hastings v. Wilson,* 516 F.3d 1055, 1060 (8th Cir.2008) (stating that in order to have statutory standing, "a plaintiff must be 'a participant, beneficiary or fiduciary' of the ERISA plan") (quoting 29 U.S.C. § 1132(a)(2)).

In response, Plaintiffs argue that Maryland's PIP statute is saved from preemption

---

**2.** In their reply to Defendants' Motion for Other Relief Clarification of Class Membership, Plaintiffs appear to argue that the law of the case doctrine limits this Court's ability to modify the state court class certification order. "Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *Dow v. Jones,* 311 F.Supp.2d 461, 465 (D.Md.2004) (quoting *Columbus–America Discovery Group v. Atl. Mut. Ins. Co.,* 203 F.3d 291, 304 (4th Cir.2000)). Thus, the law of the case doctrine preserves state court rulings after the case is removed to federal court.

Under Rule 23(c)(1)(C), a federal district court is free to review class certification orders. Although the state court class certification order in this case is preserved after removal, it is not entitled to any greater weight than if it had been ordered by this Court in the first instance. Thus, the fact that the initial class certification order in this case was issued by a state court does not in

any way undercut this Court's authority to review the certification order, nor does it reduce this Court's discretion to modify the class. *See Levitt v. Fax.com,* No. 05–949, 2007 WL 3169078, *1 (D.Md. May 25, 2007) (decertifying class ordered by state court).

**3.** As mentioned previously, Plaintiffs do not object to modifying the state court class certification order to exclude members of self-funded ERISA plans.

It should also be noted that the same class members that Defendants now seek to exclude provide the basis for this Court's jurisdiction. To clarify, this Court previously held that Defendants' notice of removal was not untimely when filed within thirty days of class certification, which for the first time brought ERISA plan members into this lawsuit. If they are excluded from the class, then federal question jurisdiction would be lost.

by the ERISA savings clause, section 514(a),[4] which "excepts from the preemption clause any State law regulating, among other things, insurance." *Singh v. Prudential Health Care Plan, Inc.,* 335 F.3d 278, 284 (4th Cir.2003). Plaintiffs rely on *Singh,* a case in which the United States Court of Appeals for the Fourth Circuit addressed whether the plaintiff, who was a member of an ERISA plan, could maintain an action against his health insurance provider for violating the Maryland Health Maintenance Organization Act, Md.Code Ann., Health–Gen. § 19–701 *et seq.,* based on a subrogation term in the policy. The court held that "the saving clause contained in § 514(b)(2)(A) appears to exempt the subrogation prohibition of the Maryland HMO Act from preemption by ERISA." *Singh,* 335 F.3d at 286. As a result, the court explained as follows:

> [T]he subrogation prohibition of the Maryland HMO Act does not supplement or supplant ERISA's exclusive remedies by creating a "prohibited alternative remedy," [*Rush Prudential HMO, Inc. v. Moran,* 536 U.S. 355, 379, 122 S.Ct. 2151, 153 L.Ed.2d 375 (2002) ], it remains "saved" and therefore "supplies the relevant rule of decision" in a § 502(a) claim to enforce the provision of State law. [*UNUM Life Ins. Co. v. Ward,* 526 U.S. 358, 377, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999) ]. A State law preserved as a regulation of insurance under § 514(b)(2)(A) may supply a substantive term or mandate a benefit in an employee benefit plan, but once that term or benefit becomes part of the plan, a suit to enforce it may only be brought under § 502(a). In such a suit to enforce the terms of the plan, the State law merely operates to define the benefits that may be enforced under § 502(a).

*Singh,* 335 F.3d at 289.

The class action complaint in this case is based on a uniform policy across MAMSI healthcare plans, including MLH, MDIPA and OCI, that allegedly violates section 19–507 of the Insurance Article, which prohibits the exclusion or coordination of mandatory PIP benefits by health insurance companies except under certain conditions not applicable here. Plaintiffs argue that, "[j]ust as in *Singh,* the PIP statute is 'saved' from preemption as a[s]tate regulation of insurance and therefore is applied to mandate certain coverage or *negate* the plan's PIP exclusion term." (Pls.' Opp. 27 (emphasis in original).) Plaintiffs state further that

> [a]s in *Singh,* the benefit conferred on class members in this case derives from a Maryland statute (i.e. a prohibition against the coordination of PIP benefits) regulating all health insurance policies that, by [their] terms, [are] incorporated into Maryland-based ERISA plans as an additional benefit. *Singh,* 335 F.3d at 289. As such, all members of insured healthcare policies issued by MAMSI through its licensed subsidiaries in Maryland are similarly affected and harmed by the uniformly applied policy ... implemented by MAMSI to systematically deny such benefits to all of its insureds whether such insureds belonged to an ERISA ... plan or not.

(Pls.' Opp. 28.) If Plaintiffs are correct that the PIP statute is "saved" under 29 U.S.C. § 514(b)(2)(A), the terms of section 19–507 of the PIP statute are equally applicable to both ERISA and non-ERISA plans. The claims of non-ERISA plan members, such as Wu, contain the same issues of law and fact as the claims of ERISA plan members. Consequently, Wu could serve as representative for a class consisting of both ERISA and non-ERISA members.

Defendants, however, argue that "[e]ven if Wu is permitted to represent this class of ERISA participants, there is no common law claim that can be saved from preemption by § 19–507" because "[t]his statute, contrary to Plaintiffs' argument, does not regulate health insurers." (Defs.' Reply 18.) Specifically, Defendants argue: (1) that section 19–507, by its very terms, applies only to automobile insurance carriers, not healthcare insurance companies or HMOs; (2) that *Dutta v. State Farm Insurance Co.,* 363 Md. 540, 769 A.2d 948 (2001), a case heavily relied upon by

---

4. The savings clause provides: "Except as provided in subparagraph (B), nothing in this title shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

Plaintiffs, has no application in the context of healthcare companies or HMOs; and (3) an administrative law decision, *Maryland Insurance Administration v. MD–Individual Practice Ass'n, Inc.*, OAH No. MIA–INS–34–200100024, in which the Commissioner predicted that the Court of Appeals of Maryland would apply 19–507 to an HMO, should not be relied upon in this case.

This argument raises complex and novel questions of Maryland law that go beyond simply whether Wu can serve as class representative. Indeed, the argument appears intertwined with a more fundamental question that reaches the crux of the entire case. Resolution in favor of Defendants on this issue could prevent *any* claim by Plaintiffs under 19–507, whether by a member of an ERISA plan or not. Not only does this issue go to the merits of Plaintiffs' entire class action lawsuit (not just the size of the class), but it also raises an issue of first impression under Maryland law. Thus, it would be inappropriate to tangentially resolve Defendants' argument in the context of Defendants' Motion for Clarification of Class Membership, which is the first motion addressed by this Court after denying a motion to remand, and which surfaced only after the parties contacted this Court about a discovery dispute.

This Court is therefore inclined to certify a question to the Court of Appeals of Maryland under section 12–603 of the Courts and Judicial Proceedings Article of the Maryland Code.[5] In the Order accompanying this Memorandum Opinion, this Court will instruct the parties to submit objections to certifying a question to the Court of Appeals and proposals for the wording of the question to be certified. Therefore, for the time being, the state court class certification order will not be amended to exclude ERISA plan members.[6]

**B. Class Members with Healthcare Plans Issued by MDIPA and OCI**

■ Plaintiffs have named the corporate entities, MAMSI LLC and MAMSI Inc., and Wu's health insurer, MLH, as Defendants in this action. The state court's class certification order defined class membership to include all members of MAMSI healthcare plans, which includes MDIPA and OCI, neither of which is named as a Defendant. Although the parties litigated this issue, the state court did not offer its reason(s) for ruling with the Plaintiffs.[7] It is undisputed that Wu was never covered by either MDIPA or OCI. Defendants now challenge the inclusion of members of MDIPA and OCI in the class certification order based on their argument that Wu lacks standing to sue MDIPA and OCI.[8]

Standing is a threshold requirement that must be met in every case. In the class action context, the putative class representative must allege a personal injury as a result

---

**5.** Section 12–603 states that "[t]he Court of Appeals of this State may answer a question of law certified to it by a court of the United States or by an appellate court of another state or of a tribe, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State." Md.Code Ann., Cts. & Jud. Proc. § 12–603.

**6.** It is certainly possible that the state court class certification order may be winnowed further as this case progresses, as this Court "remains free to modify it in the light of subsequent developments in the litigation." *General Tel. Co.*, 457 U.S. at 160, 102 S.Ct. 2364. This is also true with respect to damages, as ERISA only authorizes this Court to "enjoin any act or practice" or award "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3).

**7.** Defendants claim that "[t]he potential effect on class size is profound. Of the 2.4 million 'MAMSI' members between September 2001 through the present, approximately 393,000 members are or were insureds of MDIPA, and 1,363,000 members are or were insureds of OCI.... Together, these non-party health plans comprise 1,765,000 members or approximately 73% of the total 2.4 million MAMSI members." (Defs.' Mem. Supp. Mot. Clarification 6.)

**8.** Defendants alternatively argue that Wu fails to meet the requirements under Rule 23 because the contractual language for members of MDIPA and OCI differed from the contractual language for members of MLH. Specifically, the MDIPA and OCI plan documents frequently permitted coordination of benefits with PIP, while MLH plan documents do not. This Court understands Plaintiffs' allegations to be that, regardless of the contractual language, such coordination is a violation of Maryland statutory law. Therefore, Defendants' argument is not persuasive.

of the actions of each defendant to establish standing. *See, e.g., Miller v. Pacific Shore Funding,* 224 F.Supp.2d 977, 996 (D.Md. 2002) (explaining that a class action plaintiff must have standing because, otherwise, "any plaintiff could sue a defendant against whom the plaintiff had no claim in a putative class action, on the theory that some member of the hypothetical class, if a class were certified, might have a claim"); *Herlihy v. Ply-Gem Industries, Inc.,* 752 F.Supp. 1282, 1291 (D.Md.1990) (dismissing putative class action for lack of standing because "each plaintiff has not and cannot allege an injury arising from the conduct of each and every defendant"). Thus, in this case, Defendants argue that Wu lacks standing to bring a lawsuit against MDIPA and OCI because she was insured only by MLH and therefore had "no contract, communication, or interaction with either MDIPA or OCI." (Defs.' Mem. Supp. Mot. Clarification 6.)

Defendants rely heavily on a case issued by this Court in support of their argument. In *Popoola v. Md–Individual Practice Association, Inc.,* 230 F.R.D. 424 (D.Md.2005), the plaintiff filed a class action against the same HMO entities involved in this case, MDIPA and OCI, for improperly exercising subrogation rights against their insureds' third-party recoveries to offset medical expense payments. After two of the named plaintiffs who had been members of MDIPA dropped out or were dismissed from the action, the only remaining named plaintiff was a member of OCI but not MDIPA. This Court granted MDIPA's motion to dismiss, while rejecting plaintiff's sole argument based on the "juridical link" doctrine. The "juridical link doctrine 'answers the question of whether two defendants are sufficiently linked so that a plaintiff with a cause of action against only [one defendant] can also sue the other defendant under the guise of class certification.'" *Id.* at 431 (quoting *In re Eaton Vance Corp. Secs. Litig.,* 220 F.R.D. 162, 165 (D.Mass.2004)). In *Popoola,* the plaintiff argued that "because OCI and MDIPA are common subsidiaries of the same corporation [*i.e.* MAMSI] and because they share common practices and policies, they are related 'in a manner that suggests a single resolution would be expeditious.'" *Id.*

Noting that the Fourth Circuit has not yet adopted the juridical link doctrine, this Court dismissed plaintiff's claim against MDIPA because plaintiff did not have a claim against that particular entity.

The *Popoola* case is inapposite on the facts presented here. In *Popoola,* the plaintiff never sued the parent company, MAMSI, as Plaintiffs have done in this case. Presumably for that reason, Plaintiffs do not invoke the juridical link doctrine. Instead, the cases cited by Plaintiffs, namely, *Fallick v. Nationwide Mutual Insurance Company,* 162 F.3d 410 (6th Cir.1998) and *Forbush v. J.C. Penney Co., Inc.,* 994 F.2d 1101 (5th Cir.1993), provide the more apt analogy. In *Fallick,* the plaintiff brought a class action suit against his employer, Nationwide Mutual Insurance Company, a subsidiary of Nationwide Life Insurance Company (collectively, "Nationwide"). The plaintiff, Fallick, sought to represent "a class of beneficiaries and participants in ERISA plans covering employees of entities not affiliated with Nationwide but whose plans are administered or insured by Nationwide." *Fallick,* 162 F.3d at 412. The United States Court of Appeals for the Sixth Circuit reversed the district court's denial of certification, explaining that

> the district court overlook[ed] several apposite decisions of courts both in this Circuit and others that hold that an individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans.

*Id.* at 422. Thus, the court ruled that the plaintiff had standing to represent a class of individuals that were members of different plans because the parent corporation, which was named as a defendant in the case, uniformly applied the same policies across the plans.

Likewise, in *Forbush,* the plaintiff sought class certification for her claim that J.C. Penney's method for calculating social security benefits violated ERISA. Just as in *Fallick,* the United States Court of Appeals for the Fifth Circuit reversed the district court's denial of class certification. The Fifth Circuit

focused on the requirements of Rule 23 and explained that, even though plaintiff was suing four different pension plans, plaintiff "framed her challenge in terms of [J.C.] Penney's general practice of overestimating social security benefits." *Forbush*, 994 F.2d at 1106.

*Fallick* and *Forbush* demonstrate that a plaintiff may represent a class of individuals that are members of different plans when it is alleged that the plans are administered by the same defendant and the wrongful conduct or policy applies uniformly to all of those plans.[9] In this case, similar to *Fallick* and *Forbush* but unlike *Popoola*, Wu's complaint alleges that MAMSI used a "secret agreement or illegal scheme with its preferred healthcare providers to do what it was specifically prohibited from doing under the express terms of the policy, namely requiring its preferred healthcare providers to first charge to exhaustion [Wu's] PIP coverage for such services." (Pls.' Compl. ¶ 25.) As the *Popoola* court noted, "after all, a plaintiff sues a defendant, not a plan." *Popoola*, 230 F.R.D. at 432.

Moreover, discovery conducted at the state court level provides support for the allegations in the state court complaint. After Wu was injured in an automobile accident, she visited her physical therapist. The claims administrator for the physical therapist testified that it was her understanding that MAMSI would honor an automobile accident victim's bill only after PIP insurance was exhausted. (Pls.' Opp. Ex. 5, Dep. of Linda Corridan, at 32.) The manual on which the claims administrator relied, the MAMSI Health Plan Practice Manual, was supplied to all three insurance providers (MLH, MDIPA, and OCI). The Manual provided that it "should not be distributed to our Health Plan Members." (*Id.* Ex. 1, at 1–1.) Representations made to the state court judge in this case further buttress Plaintiffs' contention that the alleged unlawful policy is applied across MAMSI subsidiaries:

> COURT: Is, in regard to the coordination of benefits do you agree that it's all handled the same or not?
>
> COUNSEL: The legal distinctions that are made between things like small group, large group, ARISA (sic), self funded, non-self funded are made across the board. That . . .
>
> COURT: So, they're all the same?
>
> COUNSEL: Yes.
>
> . . . .
>
> COURT: Okay. Well, from what I've heard, and I want to make sure because it seems like things that are said, you know, nobody is, nobody is willing to take a concrete position. Do I understand that there is no dispute that as to the coordination of benefits the policies are the same?
>
> COUNSEL: There's a, a single policy which applies across all the companies. The policy has distinctions within it. But it applies to all the companies.

Therefore, having reviewed the state court class certification order, and based on *Fallick* and *Forbush*, this Court does not believe that an amendment is necessary at this time.[10]

---

9. Defendants cite to *In re Reliant Energy ERISA Litigation*, 336 F.Supp.2d 646 (S.D.Tex.2004), as a basis to distinguish this case from *Fallick* and *Forbush*. In *In re Reliant* participants in an ERISA contribution plan brought a class action against, *inter alia*, their employer Reliant Energy, Inc. (REI) and its newly-formed corporate subsidiary, Reliant Resources, Inc. (RRI). The named plaintiff was a participant in the REI savings plan, but was not a participant in the subsidiary's benefits plans. The court found, therefore, that the named plaintiff had no standing to sue RRI because he had *"no relationship whatsoever* with Defendant RRI or the RRI Plan, under ERISA or otherwise." *Id.* at 653.

Unlike *In re Reliant*, Wu clearly has a relationship with MAMSI sufficient to establish standing. She was a member of MLH, a MAMSI subsidiary. She has alleged a direct injury caused by MAMSI, and she has also alleged that MAMSI, the parent corporation, uniformly directed its network of preferred health care providers to defraud its members of their PIP benefits. As the Sixth Circuit stated in *Fallick*, "once an individual has alleged a distinct and palpable injury to himself he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants." *Fallick*, 162 F.3d at 423.

10. Defendants again submit an argument that goes to the merits of Plaintiffs' claims. Specifically, Defendants argue that members of MDIPA and OCI must be excluded because Wu's three state law causes of action all fail as a matter of law. (*See* Defs.' Reply 8–11.) This argument pertains to every individual in the class, not just the members of MDIPA and OCI. (*See id.* at 7

## C. Class Members Covered by Small Group Plans (50 or Fewer Members)

■ Defendants next seek to exclude individuals in small group plans in Maryland, defined as having 50 or fewer members. Section 15–1207 of the Insurance Article of the Maryland Code grants the Maryland Health Care Commission ("MHCC") the exclusive authority to establish the benefit package in the small group market. Md. Code. Ann., Ins. § 15–1207(a). A regulation promulgated by MHCC under this statute excludes from small group plans "[s]ervices resulting from accidental bodily injuries arising out of a motor vehicle accident to the extent the services are payable under a *medical expense payment provision* of an automobile insurance policy." COMAR 31.11.06.06(B)(44) (emphasis added). The regulations do not define the term "medical expense payment provision" and the parties appear to agree there is not a single case interpreting the term "medical expense payment provision."

Defendants contend that the term "medical expense payment provision" in the Code of Maryland Regulations pertains to both Med Pay and PIP provisions in automobile insurance provisions because "[t]he phrase 'medical expense payment provision' aptly describes and encompasses the no-fault medical payment provisions of both Med Pay and PIP provisions, and interpreting the regulation to include both promotes the underlying purpose of making small group health plans more affordable." (Defs. Mem. Supp. Mot. Clarification 22.) As such, Defendants argue that Maryland law specifically requires exclusion of services covered by PIP benefits, and provisions effectuating this interpretation are in fact included in the small group plan documents issued by MAMSI. Therefore, members of small group plans cannot be members of the class.

Plaintiffs, on the other hand, contend that the term "medical expense payment provision" pertains only to Med Pay provisions. Plaintiffs state that while Med Pay is "a voluntary contractual agreement," PIP is governed by statute. (Pls.' Opp. 31) The PIP statute "offer[s] those injured in an 'incident' with an automobile to have 'quick' no-fault compensation for medical bills and lost wages up to a minimum amount, generally $2,500.00." *Dutta,* 769 A.2d at 952. The PIP statute permits limited exclusions, including individuals, otherwise insured under the policy, who: (1) intentionally cause the motor vehicle accident; (2) are not residents of Maryland and are injured as a pedestrian in a motor vehicle accident that occurs outside of the State; (3) are injured while operating or voluntarily riding in a motor vehicle known to be stolen; (4) are injured while committing a felony. *See* Md.Code. Ann., Ins. § 19–505(c)(1)(i). The statute also excludes a named insured or a family member of the named insured who is injured while occupying an uninsured motor vehicle owned by either the named insured or the family member. *Id.* § 19–505(c)(1)(ii). Because the state legislature specifically defined the permissible exclusions in the statute, Plaintiffs argue that Defendants seek to "add an exclusion to the PIP statute that has never been authorized by the Legislature." (Pls.' Opp. 33.)

Section 19–505(c) of the PIP statute does not expressly provide an exhaustive list of exclusions. It also does not indicate that additional exclusions may be found elsewhere. Certainly, if the legislature sought to exclude members of small plan groups from the PIP benefits, it could have done so. The legislature also did not designate any authority under section 19–505(c) for additional exclusions to be promulgated administratively under an entirely different section of the Insurance Article. Therefore, a fair reading of the PIP statute is that it provides an

("*[N]o class member* can maintain *any* of the alleged claims against MAMSI." (emphasis in original))). As such, this argument resembles one more commonly asserted in a dispositive motion, for example, a Rule 12(b)(6) or Rule 56 motion. Because the pending motions come before this Court as motions to clarify class membership, this Court believes that these arguments

are more appropriately handled when dispositive motions are filed in this case.

Defendants also argue that MDIPA and OCI must be dismissed because of the statute of limitations. Because Plaintiffs' case is asserted against MAMSI and not MDIPA or OCI, this Court need not address when (or if) the statute of limitations has run.

exhaustive list of permissible exclusions. Consequently, the term "medical expense payment provision" should be read narrowly to include only Med Pay, not PIP. A more expansive reading would permit the MHCC to create an additional exception to the PIP statute not previously enacted by the legislature. Therefore, the state court class certification order will not be amended to exclude members of small group plans.

### D. Class Members That Are Non–Maryland Residents

The parties agree that the class must be limited to "residents" of Maryland even though such a limitation was not included in the state court class certification order. Plaintiffs state, however, that "discovery has yet to reveal" whether "residency is determined by the situs of the plan, the situs of the auto insurance purchased by a plan member, or the situs of the actual plan member." (Pls.' Opp. 23). Discovery is not needed to resolve this issue, as Plaintiffs' Complaint unambiguously states at the outset that "Plaintiff [Wu] and other members of the Class reside in all 23 counties and Baltimore City, State of Maryland." (Compl.¶ 1.) Moreover, Defendants acutely note that the laws of the surrounding jurisdictions in which MAMSI does business (*e.g.* Virginia, Delaware, North Carolina, West Virginia, Pennsylvania and the District of Columbia) are different than in Maryland. Defendants state as follows:

[W]hereas Plaintiffs contend that Maryland Insurance Article § 19–507 prohibits coordination of benefits between a healthcare insurer and PIP—a conclusion with which Defendants disagree—the relevant Delaware statute expressly permits coordination of benefits. *See* 18 Del.Code Regs. 1300, 1307. West Virginia similarly allows for *coordination of benefits. See* W. Va. Legis. R. § 114–28–2.1.6.c.F. Insurance statutes in the Commonwealth of Pennsylvania actually require PIP to be primary to group health coverage (unless the insured chooses otherwise). *See* 75 Pa. C.S.A. § 1719; 31 Pa.Code § 89.97(c). In the District of Columbia, an insured is allowed to access PIP benefits only to the extent that another insurer or another insurance coverage does not cover some or all of the expenses that the PIP benefits would have covered. *See Carter v. State Farm Mut. Auto. Ins. Co.,* 808 A.2d 466, 475 (D.C.2002). Given these differences in the law, any residents of states outside of Maryland should be excluded from the class in this case.

This Court agrees. This case is based on Maryland's PIP statute, which appears to be a rather unique Maryland law that may or may not even apply to Defendants in this case. The class will be limited to that issue and will include only individuals that are residents of Maryland. Therefore, the state court class certification order will be amended to exclude any non-Maryland residents as members of the class.

In sum, Defendants' Motion for Clarification of Class Membership (Paper No. 80) is DENIED IN PART and GRANTED IN PART. It is denied insofar as the state court class certification order will not be amended to exclude individuals covered by fully insured ERISA healthcare plans, healthcare plans issued by MDIPA and OCI, or small group plans. Defendants' Motion is granted, however, insofar as the state court class certification order will be amended to exclude insureds who do not reside in Maryland.

### II. Plaintiffs' Cross Motion for Clarification of Class Definition (Paper No. 87)

In its class certification order, the Circuit Court for Baltimore County did not certify the proposed general class requested by Wu in her Complaint. In fact, the circuit court did not even reach the issue of whether the proposed general class met the class certification requirements set forth in Maryland Rule 2–231, the state analog to the Rule 23 of the Federal Rules of Civil Procedure, because the court was "not satisfied that the members of [Wu's] proposed general class have suffered any damages that give rise to a cause of action. [H]olders of a MAMSI healthcare plan and an automobile insurance policy will only be deprived of their healthcare benefits if they are in an automobile accident and they file a claim for reimburse-

ment of healthcare costs." (Defs.' Notice of Removal, Ex. C, at 4.)

Plaintiffs' pending motion seeks to have certified the same proposed general class that was rejected by the circuit court. In support, Plaintiffs argue as follows:

Whether involved in an accident or not, each class member paid MAMSI with the expectation that MAMSI was primary to any other insurer. Had the class members desired to have their benefits coordinated, MAMSI was required to provide ... an appropriate reduction in premium.... Yet, through its secret scheme MAMSI knew that it had implemented a plan to reduce the amount of insurance benefits that MAMSI would actually pay out to its own insured. Never, however, did MAMSI pass on the cost savings of this secret scheme by giving class members an "appropriate reduction in premium," mandated by § 19–507(b). By not following § 19–507(b), MAMSI illegally reduced the amount of insurance available to its members and thus impaired a vested right of the class.

(Pls.' Cross Motion for Clarification of Class Definition 10.)

Defendants counter that, first, members of the general class that were not injured in an automobile accident cannot demonstrate that they were entitled to a reduction in their healthcare premium because "none of them experienced a coordination of benefits situation entitling them to such a reduction." (Defs.' Opp. 6.) Second, Defendants distinguish health insurance with automobile insurance, stating that "[u]nlike automobile policies, ... almost all healthcare insurance is provided through employee benefit plans that are designed and priced on a group risk basis." (Id.) Thus, the premiums are based on the characteristics of the aggregated group and not individual characteristics or external choices of the group members.

On both these points, this Court agrees with Defendants and will not disturb the state court's class determination. Wu's individual claim and the claims of the certified class members all deal with coordinating benefits only after a member is involved in an automobile accident. Individuals in Plain-

tiffs' proposed class have not suffered the same damages, as they have not been involved in an automobile accident. As such, they have a discrete claim. Moreover, this Court is not satisfied that members of MAMSI plans who were not involved in an automobile accident suffered any damages at all. Therefore, Plaintiffs' Cross Motion for Clarification of Class Definition (Paper No. 87) is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Clarification of Class Membership (Paper No. 80) is DENIED IN PART and GRANTED IN PART, and Plaintiffs' Cross Motion for Clarification of Class Definition (Paper No. 87) is DENIED. Defendants' Motion is DENIED insofar as the state court class certification order will not be amended to exclude individuals covered by fully insured ERISA healthcare plans, healthcare plans issued by MDIPA and OCI, or small group plans, but is GRANTED insofar as the state court class certification order will be amended to exclude insureds who do not reside in Maryland. Additionally, as agreed upon by the parties, federal government employees with health insurance contracts governed by FEHBA and members of self-funded ERISA plans are not included in the class. A separate Order follows.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 15th day of October 2008, ORDERED that:

1. The Motion for Clarification of Class Membership (Paper No. 80) filed by MAMSI Life and Health Insurance Co., Mid–Atlantic Medical Services LLC, and Mid–Atlantic Medical Services, Inc. is DENIED IN PART and GRANTED IN PART, as follows;

a. The Motion is denied insofar as the state court class certification order will not be amended to exclude individuals covered by fully insured ERISA healthcare plans, healthcare plans issued by MDIPA and OCI, or small group plans.

b. The Motion is granted insofar as the state court class certification order will be amended to exclude insureds who do not reside in Maryland.

2. The Cross Motion for Clarification of Class Definition (Paper No. 87) filed by the class of individuals represented by Kuei–I Wu is DENIED;

3. By agreement of the parties, federal government employees with health insurance contracts governed by the Federal Employee Health Benefit Act, 5 U.S.C. § 8910 *et seq.*, and members of self-funded ERISA plans are excluded from the class;

4. The class will consist of all residents of the State of Maryland who, beginning on September 23, 2001, were or are owners of MAMSI healthcare plans issued by (1) MAMSI Life and Health Insurance Co., (2) M.D. Individual Practice Association, Inc. and (3) Optimum Choice, Inc., but excluding (1) members of plans governed by the Federal Employee Health Benefit Act, 5 U.S.C. § 8910 *et seq.* and (2) members of self-funded ERISA plans, and who also during the same time period owned an automobile insurance policy, have had an automobile accident, and whose mandatory PIP coverage was partially or entirely exhausted prior to the use of any MAMSI healthcare benefits;

5. The parties will submit a memorandum by Friday, October 24, 2008, not exceeding ten (10) pages that (1) explains any objections the parties may have with certifying to the Court of Appeals of Maryland a question as to the applicability of Section 19–507 of the Insurance Article of the Maryland Code to health insurance companies, and (2) proposes the wording of the question to be certified;

6. As agreed to by counsel for the parties at the motions hearing conducted on August 20, 2008, this case will proceed on the following schedule:

Completion of Non-expert Fact Discovery—February 20, 2009 Plaintiffs' Rule 26(a)(2) Disclosures re: Experts—February 27, 2009 Defendants' Rule 26(a)(2) Disclosures re: Experts—March 27, 2009 Plaintiffs' Rebuttal Rule 26(a)(2) Disclosures re: Experts—April 10, 2009 Rule 26(a)(2) Supplementation of Disclosures / Responses—April 17, 2009 Discovery Deadline/Submission of status report—May 29, 2009 Requests for Admissions—June 5, 2009 Dispositive Motions Deadline—July 2, 2009

7. The Clerk of the Court transmit copies of this Order and accompanying Memorandum Opinion to counsel for the parties.

## *MEMORANDUM ORDER ON MOTION FOR RECONSIDERATION*

Pending before this Court is a Motion for Partial Reconsideration (Paper No. 104) filed by MAMSI Life and Health Insurance Co. ("MLH"), and MLH's parent companies, Mid–Atlantic Medical Services LLC and Mid–Atlantic Medical Services, Inc. ("MAMSI") (collectively "Defendants"). For the reasons stated below, this Motion will be DENIED.

Defendants' Motion for Partial Reconsideration asks this Court to reconsider "one narrow but important point: the Court's finding that Plaintiff and sole class representative Kuei–I Wu ('Wu'), a member of a governmental health plan controlled by state law, nonetheless has standing to represent participants in ERISA plans in a civil enforcement action under § 502 of the Employee Retirement Income Security Act of 1974 ('ERISA')." (Defs.' Mot. 1.) Put simply, Defendants' argument, asserted in prior briefing and in the pending motion, is that ERISA permits civil enforcement only by participants, beneficiaries and fiduciaries of ERISA plans. *See* 29 U.S.C. § 1132(a). Consequently, Wu herself does not have statutory standing to bring an ERISA claim. As such, Defendants argue that she cannot serve as a class representative for ERISA class members.

To be clear, this Court did not hold in its previous Memorandum Opinion (Paper No. 99) that Wu has statutory standing to assert an ERISA claim. Nor did it hold that Wu was going to serve as the class representative for ERISA plan members. Rather, it cautiously determined that a definitive ruling was inopportune while a more basic underly-

ing legal issue of first impression remained unresolved.

After summarizing the parties' arguments (Mem.Op.8–10), this Court stated that "*if* Plaintiffs are correct that the PIP statute [Md.Code Ann., Ins. Art., § 19–507] is 'saved' under 29 U.S.C. § 514(b)(2)(A), the terms of section 19–507 of the PIP statute are equally applicable to both ERISA and non-ERISA plans." (Mem. Op. 11 (emphasis added)) Assuming that the PIP statute was "saved" from preemption, this Court then stated that "[t]he claims of non-ERISA plan members, such as Wu, contain the same issues of law and fact as the claims of ERISA plan members." (*Id.*) As such, this Court stated that "Wu *could* serve as representative for a class consisting of both ERISA and non-ERISA members." (*Id.* (emphasis added)) Then, this Court noted Defendants' argument that " '[e]ven if Wu is permitted to represent this class of ERISA participants, there is no common law claim that can be saved from preemption by § 19–507' because '[t]his statute, contrary to Plaintiffs' argument, does not regulate health insurers.' " (*Id.* (citing Defs.' Reply 18).)

This Court, however, did not rule on Defendants' argument. Instead, this Court expressed its reluctance to rule on this issue of first impression under Maryland law in the context of the Motion for Clarification of Class Membership (Paper No. 80). This Court explained that Defendants' "argument appears intertwined with a more fundamental question that reaches the crux of the entire case," and that "[r]esolution in favor of Defendants on this issue could prevent *any* claim by Plaintiffs under 19–507, whether by a member of an ERISA plan or not." (Mem. Op. 11 (emphasis in original)) Because of this Court's reluctance to "tangentially resolve Defendants' argument," this Court advised the parties of its intention to certify the "more fundamental question" to the Court of

Appeals of Maryland. Consequently, this Court concluded as follows: "for the time being, the state court class certification order will not be amended to exclude ERISA plan members." (*Id.* at 12.) Lastly, this Court noted "[i]t is certainly possible that the state court class certification order may be winnowed further as this case progresses, as this Court 'remains free to modify it in the light of subsequent developments in the litigation.' "[1] (*Id.* at 12 n. 6 (citing *General Tel. Co.*, 457 U.S. at 160, 102 S.Ct. 2364).)

■ Therefore, in this pending motion, Defendants may have asked for this Court to reconsider something that it did not definitively hold. However, to the extent that the pending motion asks this Court to amend the amend the state court class certification order to exclude ERISA plan members before the Court of Appeals considers the matter, the motion is DENIED. The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e)[2] in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993)). None of the three circumstances authorizing this Court to reconsider its decision has been presented by the Defendants.

Accordingly, it is this 18th day of December 2008, ORDERED that:

1. Defendants' Motion for Partial Reconsideration (Paper No. 104) is DENIED; and

---

1. Indeed, Plaintiffs have recently indicated that they have "every intention to seek leave to amend their pleadings to add an ERISA plan participant" as a named class representative. (Pls.' Correspondence to Court, dated August 28, 2008 (Paper No. 98).) It is also worth noting that another potential resolution of this matter is to divide the class into two subclasses, with Wu serving as the class representative of a non-

ERISA subclass and an as yet unnamed ERISA member serving as the class representative for an ERISA subclass.

2. Rule 59(e) provides simply that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e).

2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.